We have one case on the call this morning. The time we've allotted for a large one is 15 minutes for the epilogue, 15 minutes for the epilogue, and 5 minutes for the follow-up. I don't use the timing lights, but I'll hold you to your time, so watch it. And second of all, we know the facts of the case, so don't waste your time regurgitating facts. Call the case, please. Good morning. Case number 13-3159, Stone Street Partners, LLC v. City of Chicago. Mary Percy? Good morning. We're very pleased to support counsel. My name is Richard Linden, and I represent Stone Street. I feel like we've been here before. I notice it's the same panel as the previous case, so I'm obviously not going into the facts. I know everybody knows this case really well, but there's really two issues in this case. It's a variation, I think a fairly large variation, from a prior case. The first issue is, did the city engage in unauthorized practice law by prosecuting a municipal ordinance violation in front of the Department of Administrative Hearings? And if I could say DOE for short, it would make it easier. In fact, that name is going to come up a lot. And did the circuit court error in dismissing Stone Street's complaint based on unauthorized practice law for declaratory and injunctive relief? It's uncontested that no attorney appeared at all for the City of Chicago. That they were not represented by counsel. If no attorney appeared, who practiced law? Somebody had to. Who's the somebody? They put the mechanism in place. The city must have the same potential. Only an individual can practice law. Who practiced law? Which person that was present at this hearing practiced law? If anybody, I suppose it was A.L.J. who explained that she did not represent the city. So the argument has to be that the hearing officer was practicing law on behalf of the city? Is that the argument? The city was almost a ghost and did it. They put the mechanism in place, I'd say. If the hearing officer practiced law on behalf of the city, the hearing officer is a lawyer. So how is that the practice of law, unauthorized practice? If they represented the city, then our due process claim becomes that much stronger than now. You can't unload the hounds and hide with the fox. It's only one or the other. The hearing practiced law for the city, or no one practiced law for the city. So it's one argument or the other, but it's not both. I think, with all due respect, I think it can be, and here's why. Corporations can only appear through counsel. In this case, the city appeared in this case. But is it correct to say that they appeared? Because they initiated the citation by having the inspector write the ticket. Correct. And the way this system was established and was pretty much given the blessing in the Ben Harkin cases was that the ticket itself signed by the inspector or police officer is sufficient to meet the prima facie burden of the city, and then the defense is on the business who got the ticket. That's what the Ben Harkin case says. Correct. So is it your position that just by writing the ticket that they're appearing? By the case being presented, by the case being prosecuted, by the case appearing on the docket, by the case appearing on the ALJ's computer, I think it's somewhat disingenuous for them to say, well, the city can't be guilty of unauthorized practice of law and the city didn't appear. They're the party plaintiff. I just don't see how they didn't appear. Going back to Justice Hoffman's question, isn't it sort of legally possible they appeared without having any attorney? It's just the ticket. The ticket speaks for itself, and it's the problem that you're shifting the burden here that allows you to create this issue you've created. I would say if they appeared, they have to be represented by counsel, and somehow they did appear because there was a case prosecuted in their name. And the judge said, I don't represent the city, so can they get away with it? So to answer my first question, who did represent the city? If it's the unauthorized practice of law, who did it? I don't think anybody did unless you listen to it. Then there was no unauthorized practice of law. Nobody appeared. I would say they would because the city appeared in the case would be our contention. Counsel, let me ask you this. Are you saying that because the city's a corporation, they have to be represented by counsel all the time? Is that part of your argument? Absolutely. I'm talking about every governmental body that puts on administrative hearings. Are we talking about that as well? If we broke this to say we agree with you, the city wasn't there, there was no attorney represented, unauthorized practice, would that apply to every administrative hearing in the state of Illinois? I think you'd have to look at the administrative body. I think in front of DOA I'd say yes. Are they a corporation in the state of Illinois? I don't think they're actually a corporation in the state of Illinois. The state, obviously, an instrument. So because the city is a municipal corporation, somehow different than the state of Illinois? I didn't examine the state part, but the laws were clear that corporations can't appear. And we said case law, I think it's the Chicago Housing Authority case, where it says municipal corporations are treated the same with respect to the practice of law. Mr. Linden, let me jump to your other issue. Sure. Which is that the hearing officer at the beginning of the group of hearings announced that anybody who pled guilty and just stepped up to the counter would pay the minimum fine. But if you had a hearing, the minimum fine would not be imposed, but rather something higher than the minimum fine would be imposed. Yes. And you claim that that's a constitutional deprivation. First of all, you claim it's a due process violation, right? Yes, Judge. All right. The Illinois Supreme Court seems to indicate that it may be an equal protection violation, so let's go down that road. How do you get around all the case law that upholds the practice of plea bargaining? It's different. And how is this not simply plea bargaining? I think it's very different than plea bargaining. The cases we cite, the Burke case in its first district. Which is Wessakowskis v. Burke? Yes. I didn't want to try and pronounce the first name of that case, but it looks difficult. That involved traffic violations or citations in the village in the north end. And in that case, they imposed a penalty. And the court citing the Bleed Northern, Illinois case and the U.S. Supreme Court case said, if you impose a court penalty for exercising your rights for administrative hearing, then that's a violation of due process. In the criminal context, and I just want to go there. Well, this isn't criminal law. Correct. But I think it's quite different in a plea bargaining case. In a plea bargaining case, you typically have a lawyer for the prosecution, representing the state or the city or municipality. In that case, I've never seen a judge say, no matter what, I'm not going to consider any aggravating or mitigating factors. If I am guilty, I'm going to impose something more automatically than what was negotiated. A judge has a right to either accept or reject a plea bargaining. So assuming what you say is convincing to us on this issue, isn't it possible that a remedy could simply be to reduce the fine back to the minimum? Your client was clearly found guilty. I mean, you're not raising any issues about that. You didn't raise them below. You didn't raise them to us. You have an overflowing dumpster end of story, right? Right. So the issue is between $350 and $250, if I remember the numbers correctly. I think $300 and $400, perpendicular to $100. And I think for a class action too, one of our relief is the refund. Now let me ask you the class action question. Class actions are a form of a remedy, a mechanism, that's used to litigate an issue that would be too small to litigate and has not been litigated. You buy a pair of eyeglasses and the lenses pop out and no one would sue over a $4 pair of glasses from Walgreens, right? So you have a class action. But no one's sued yet. In your case, you're in the middle of a lawsuit. You have an administrative hearing. How does the idea of making this into a class action not conflict with the concept that all these people who were victimized by this practice that you challenge had an opportunity for a hearing and had an opportunity for judicial review already and that those decisions are now final under the administrative review law? I believe if it's due process violation, you should be able to go back. That's an interesting concept. But it seems to run headlong into the concept of finality, doesn't it? I don't think it would. The question becomes can you come back and federally attack those judgments for due process violations. I'd say they're not, but I guess we never even got that far in our case. I think the question before the court is whether or not Stone Street's stated a cause of action. The argument I'm making with you, Mr. Linden, is trying to distinguish what might be Stone Street's problem versus everybody else's problem. Obviously, you're trying to haul everybody else in here, but their cases are now final. They had a right to appeal. They had a right to judicial review of it, and they didn't exercise it. I guess, I don't know if you'll like this answer, but we never got to that point in the circuit court on the classification. The judge might have dismissed it without that. Counsel, as far as the unauthorized practice, I've got to go back to that again. Okay. Are you basing it on downtown disposal? Is that the case you're relying on? That case, we also are basing it upon the district, I guess a long line of Supreme Court cases. Well, but downtown disposal was a case in the circuit court. It was an administrative proceeding, correct? That was not, no. Right. And aren't there two Illinois Supreme Court cases, Gaffner and Suggs, I'll never pronounce that one correctly, Suggs, that talk about administrative hearings as well, correct? I thought those were appellate court opinions, right? The employment security cases? Well, then I misspoke. Whatever. I know they're court of review decisions. That litigation of a factual question in administrative proceedings is not the practice of law? I know that was addressed in the prior opinion of this court. So that's still the law of the state of Illinois, is it not? But that had to do with employment security. Employment security is a whole lot different. But how? It's an administrative proceeding. It's an administrative procedure, but it's much more informal. I believe that employment security is more of a friendly, you sit around a table and it's more of a fact-finding as well, if you look at the cases and how they describe it. So that's the distinction you're making here? It's a difference between the forms. Obviously, I don't think it's a controlling precedent on this court. I mean, the appellate court, you're permitted to change the analysis for your own opinion. It's not an Illinois Supreme Court that's binding. And I thought law may have been in the second district. I'm not 100% sure I'm not. It's still law. It's law, but it's a different context. You know, in the analysis for deciding whether or not there's a practice of law and it shouldn't be, it's whether the non-attorney conducted themselves without knowledge or within propriety. It all has to do with the non-attorney's practice. Isn't that right? Not if it's a legal proceeding. If you go back and look even at the Ellison case, I think it's Nixon v. Ellison, and downtime disposal sites that as early as a clerk's term, if it's a legal proceeding, let's take circuit court and downtime disposal. What the corporate precedent did was as simple as can be. I know, but there's no distinction you're saying between administrative proceedings and circuit court proceedings. None. Not if it's a legal proceeding. And that would be the distinction. I thought it was clear previously found in the Illinois Supreme Court vacated that portion where Justice Stewart wrote that it was, in essence, a legal proceeding. And I'm paraphrasing. I think he specifically decided not to agree with me. We have three dissenters who were quite pointed in their position that it wasn't a practice of law, and the majority decided not to address it. The thorough majority would agree. If we were to assume you were correct on unauthorized practice of law, what would the remedy be? The voting rules have been abrogated by the Supreme Court. You can't claim any prejudice, and the city certainly isn't arguing any. So what effect would it have? The prejudice or the remedy, I believe, would be if it's a void order. Well, it's not void. Downtime disposal says it's not void. They abrogated the nullity rule. It doesn't exist anymore. It's a voidable order. And you can get relief if you can establish prejudice on your part or prejudice to the citizens of the city of Chicago. And you can't establish either. I believe the way I read the case, and I read it again last night, that it says they abrogated or abolished the automatic nullity rule. Yes. Which I think is different. If the factors that a court's supposed to consider in determining whether it's a nullity or not a nullity, you look and see, okay, what did the offending party do to try and correct it in downtime disposal? But they also said, take a look at prejudice. Where is the prejudice in this case? To whom? The prejudice would be to the citizens. Why? The citizens of the city of Chicago? Why do they want it? That if you have an atheist practice law, you're trying to protect the integrity of the judicial system. There's no prejudice in this case. Come on, you can't even make one up. Second of all, it's not a void order under Steinbrecher. There isn't any question there was jurisdiction over the parties, and there's no question there was jurisdiction over the subject matter. And in the absence of lack of either of the two of those, you don't have a void order under any circumstance. He alerted them, perhaps, that if a lawyer represented the city, they wouldn't have prosecuted the case. There was no trash or refuse on the ground. There would have been some prosecutorial duty. I want to get this. Yeah. Nobody appeared from the city, yet they won. But if somebody had appeared from the city, they would have withdrawn their case. It's possible, or they would have allowed, they advocated for minimum fine, would have protested the violation of due process. Why would they have taken out the advocacy for your client, if they were appearing for the city of Chicago? If they're an officer of law, I think they have an obligation to make sure due process rights are violated. When's the last time you saw an assistant state's attorney argue for the minimum sentence for a criminal defendant? But if you have a due process violation, which I believe we have here, if Mayor Jay promises and threatens and says you can exercise your right to a contested hearing, without any regard to the... It's different than the unauthorized practice of law. Don't argue apples when we're talking about oranges. No, but if a lawyer... We're talking about your argument that the order is void because there was an unauthorized practice of law, and I asked you to justify it, you haven't yet. I think under the analysis of downtown disposal, you have a strong argument it would be void. What action did the city take, if anything, to correct the situation? Let me ask you a point. Did the hearing officer have jurisdiction over the parties? I believe so. We didn't contend there was a lack of notice. Did he have jurisdiction over the subject matter? Yes. And on what basis do you argue it was void? Is void based on unauthorized practice of law? Well, one of the factors is what did the party do to correct the situation? And that was not an ethic. They could argue prejudice that the fine would have been less had he had a lawyer, that the lawyer, as an officer of the court, would have stepped up and said, this would be a violation of due process, to say right in the AOJ's opening that you're not going to get the minimum fine, regardless of what the evidence would be, regardless of what any mitigating or aggravating factors would be. Okay. Counsel, talking about due process again, what do we do with the decision in Scott v. Department of Commerce, which says that administrative agency, due process doesn't preclude the administrative agency from being kind of prosecutorial and judge at the same time. Do we agree with that? I believe, yes, I believe the case also says that due process is a flexible concept. You have to look at all the facts. And true. And if you look at the facts, too, I believe the AOJ was biased given her statement, given her statement that she essentially acted in threat and a penalty. You have a situation here, I think the Department of Doral proceedings are different than other proceedings. I think they, in essence, are legal proceedings and really no different than circuit court proceedings. So it's based on her one statement that she made relative to the fine. I'm not entirely in the circumstances here. All right. Stating on the, what you call, the threat of the administrative law judge to impose a higher fine, at any time during the Stone Street's individual hearing, did Stone Street urge the hearing officer to do something different than what she had announced and impose only the minimum fine after fining a guilt? I don't believe so, but the hearing officer did indicate that she has no authority to consider any constitutional arguments. Well, that's not the point, Matt. I mean, obviously, we know the hearing officer cannot declare a statute unconstitutional. The hearing officer can construe an ordinance or statute in a constitutional manner as opposed to one that has constitutional infirmity. Those are pretty solid issues of administrative law. My question is, did you preserve this issue by asking the hearing officer, upon being found guilty or liable, to only impose the minimum fine based on Stone Street's otherwise impeccable record of cleanliness or other factors? And I don't think that's in there. No, I don't think it is. I acknowledge that, but I don't think the law requires you to preserve that issue in that manner. And there's a number of exceptions to it. One is if the hearing officer doesn't have the authority at the constitutional question. Well, the hearing officer, I guess the question I'm going to ask the city, does the hearing officer have the authority to impose the minimum fine after she made the threat? I believe she didn't have the authority to make a threat and impose it. I mean, she, I think, operated outside the 14th Amendment and the Illinois Constitution also. Counselor, your time has expired. We'll give you some time to report. Okay. Thank you. May it please the Court, Miriam Zerechny-Casper on behalf of the City of Defendants. This morning I'd like to begin with the unauthorized practice claim and then also address the so-called trial tax claim. For the remaining issues, we'll rest on our brief unless the Court has questions. So at the outset on unauthorized practice, we wish to emphasize that this issue can only be considered in the context of the administrative review claim. The dismissal of the declaratory judgment claims and the claim for an injunction on the basis of unauthorized practice should be affirmed outright because there's no jurisdiction to consider that claim in that context because the administrative review law provides an exclusive means for review of administrative judgments. And here they do have an administrative review count, but it would have to be limited, the review would be limited to that claim. And again, the only assertion Stone Street's made to try and avoid that is that the judgment is void because of the unauthorized practice of law. But again, as the Court has observed, downtown disposal takes care of that argument by holding squarely that judgments obtained arising out of the unauthorized practice are not void. And on the merits, there was no practice of law by the City in this case when no representative appeared during the proceedings. The code violation proceedings are initiated by tickets written by inspectors or officers. And that's the way, as the Court points out, the law has set it up in Illinois under the Illinois Municipal Code, under Illinois Supreme Court Rule 572, that's how it occurs in court as well. And again, the unauthorized practice, if there were any, would not render this judgment a nullity. The primary reason for this is that there's essentially no attempt even to show prejudice as a result of the City's not having a lawyer present. And of course, the lack of an attorney should, if anything, benefit respondents because there's no City attorney there to respond to anything that they're saying or make contrary arguments, and that's a tradeoff for the City as well. But there's simply nothing unauthorized about that process. And the only prejudice, again, that Stone Street asserted is that it might have been able to pre-try the case with a City attorney. Well, first of all, if it was important to Stone Street to have that opportunity, they could have asked for a continuance and called the law department. That didn't happen. But in any event, there's simply no basis to suppose that the City would ever have simply given them a pass. The violation was completely obvious from the photographs. And, you know, we knew from the record what the City's position was for those who wished to plead liable, and that was that they could receive the minimum fine of $200. And on that note, I'm sorry. Ms. Casper? Yes. So I take it from the narrative you just completed that it is possible that the City, the Corporation Council might bring an attorney into one of these hearings to actually act as a prosecutor if the facts or circumstances or prior communications with the Defense Council warranted it. Yes. These are not 100% one-sided. Correct. We do not have this. Not each room, but many rooms do have attorneys who attend hearings. As you noted, it just depends on the circumstances. But the parking violations, you know, they don't. Things that just proceed on a ticket where we're content to just stand on the record, there's no need for an attorney. Turning to this issue of the trial tax, as Stone Street calls it, so the hearing officer said at the beginning of the call to everyone present that the City had an offer and the nature of the standing offer of a minimum fine for anyone who wished to plead liable. And then she added that she would not impose the minimum if the respondent were found liable after a hearing. Now, sometimes she said that's generally what she would do, and sometimes she didn't insert the word generally. But the distinction doesn't matter for purposes of this due process argument. The law favors plea agreements, and there's no constitutional concern when a defendant is given a choice between a lesser penalty and even the certainty of a higher penalty after a trial. And the U.S. Supreme Court has made this extremely clear. Maybe the clearest case and most similar to our case here is Bordenkercher where the prosecutor had offered the defendant a plea of guilty to a lesser charge, which would carry a five-year sentence. But here's the rub. Okay. All right. Explain to me how you get around Los Acostas. Yes. All right. Because in all cases that you're relying on, the plea offer is made by a prosecutor. It's made by an adversarial agent, you know, acting on behalf of the plaintiff. All right. As opposed to the neutral judge. All right. And here we have the neutral, supposedly neutral, the law just tendering the offer and basically saying if you have a hearing, you are not going to get the minimum. And in Los Acostas, you had an ordinance that had a chronology.  And if you had an opportunity to request a hearing, but the hearing was going to be scheduled at a point where the fine had already automatically increased. And this court held that that was not a proper practice. Right. So how do you get around that problem? Okay. So in Los Acostas, hopefully that's correct, the issue there was a due process claim as well. But the court relies on the same line of cases that we rely on, except they stopped at the first case, which is North Carolina v. Pierce. I mean, they even say in that case, the court even said, this is a rule in criminal cases, but we think the same right applies here. So North Carolina v. Pierce is the same factual setup as the other cases that we rely on. The problem is after Pierce, the Supreme Court expressly limited it to situations where there's a reasonable likelihood that there's vindictiveness present on the record, on the part of the judge or the prosecutor. So we don't have anything like that here, or an attempt to even argue it. But it is clear that now, without that showing, there's no constitutional problem. Stone Street's never even tried to argue that. And after Pierce, in Brodenkircher, as I was saying, the prosecutor had offered a guilty plea with a sentence of five years. And if the defendant didn't take that, he was facing mandatory life under the habitual criminal statute. So even though these are difficult choices, the U.S. Supreme Court held that it's an inevitable and permissible attribute of any legitimate system that tolerates the negotiation of pleas. In this particular case, the hearing officer, at the very beginning, said she was authorized to assess a minimum fine. I take it that means she was authorized by the city of Chicago? The city had conveyed that as a standing offer. She then says you don't have to do it. Right. And if you go to trial, she said, generally, if you elect to proceed to a contested hearing and you're found liable, I do not do the minimum in those cases. Right. It was prefaced by the word generally. Right. So Stone Street points out in her brief, accuses us of misrepresenting the record when we point out that she said generally. In fairness, the record shows that sometimes she said generally and sometimes she didn't. So, you know, as I say, it doesn't matter to our position because it's clear that under the due process clause there is no violation whatsoever. And, you know, the adversarial party, to get back to Justice DeWard's point, it was the city's offer. She was simply repeating it. So I don't think that distinction would change the result here. And unless the court has any questions, we ask that the judgment of the circuit court be affirmed. Your Honor? Yes. I'd like to first take issue. I don't think it's inaccurate to say she said generally. She did at one point in the transcript say generally, but if you read the actual transcript of Week 3 of that brief, she did say generally. The word generally precedes the phrase if you elect to proceed to a contested hearing and you're found liable, I do not do the minimum in those cases. There are other portions where she said if you proceed to a contested hearing and you're found liable, there will be a higher fine. But don't stand here and say she didn't use the word generally. She did, but then she went on to make clear, and I think if you read it in this context, she didn't mean generally. If you look, she says. What page are you on in your brief? Give me a minute. If you read the entire court on page 7 of that brief, and it flows over to page 8, and it's kind of a rocket. This page is 111 to 114. And if you look at the last paragraph, I think it's real clear what she meant by it. Quote, I will take into consideration the evidence that's in front of me in assessing fines. And generally, there's a fine range. Sometimes it's between $200,000 and $1,000, or $100,000 and $1,000, or $100,000 and $500,000, $100,000 and $500,000, and again, for police and liability, I do assess the minimum. But if you proceed to a contested hearing and you're found liable, I do not assess the minimum. So you should keep that in mind once you step up, because if you're found liable, there will be a higher minimum fine. Prior to that, she used, I generally don't, but I think she clarified any statement before, and I think if you read it in context, she made it quite clear that it was not going to happen. Is this ambiguity sufficient for us to use it as a cornerstone for due process violation? I don't think so. But isn't the fact that you're – it doesn't appear that during the hearing, you raised the issue and requested the minimum. No, I know that included transcript from a prior case, and the gentleman did, and she did the same thing to him. I think she – But he's not the plaintiff in the case that's before us. Right. And we also have evidence that she did not assess the minimum for Stone Street. There was no aggravating factors indicated. I mean, the dumpster, apparently the lid wouldn't close. There was no trash on the ground. So not only do we have her saying that if you're pure, if I allow it, I'm not going to assess the minimum, but actually she did not. But we don't have a rule in American jurisprudence that when you're found guilty, you'll always get the minimum sentence, do we? I mean, maybe she could have looked at the picture of the overflowing dumpster and said, well, there's a lot of overflowing trash that's obviously been there a long time, and I'm going to not impose the minimum. Isn't that within her discretion? If she wouldn't have done it as a penalty, but given her statements, I don't know how much more we could have in her statement. I mean, you could say, go back and say, generally, but then she makes it real clear that you will not get the minimum fine. So if she would have. It couldn't be some of the aggravation that she observed in the photograph? That couldn't be the reason for the higher fine, the aggravation of the violation? She didn't set any aggravating factors. If you look at the transcripts. But we just don't know. We don't, but I would presume that if there were aggravating factors, she should have stated that for the record. And she didn't. Said Smith there was, and there's no evidence of anything except the trash. Anybody can walk by, a homeless person or whatever, and put trash in a dumpster and cause it not to close, and then the city inspector comes and writes you a ticket. There's no evidence of trash on the ground. There's no past evidence. There's not closing, and there's not closing. It could be this opening, and then it could be practically wide open. Correct. But you never made a manifest wait argument. Did you in your administrative review hearing? We did not, no. So you don't attack the basis for the finding? We're not attacking underlying evidence. Does the court have any other questions at all? Nothing at all. Thank you. Okay. Thank you. This is a matter to be taken under advisement, and the opinion will be given to the court.